**FILED**
**12/9/2011**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

RECEIVED
NOV 10 2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Julian Nettles Bey, )
)
PLAINTIFF/CLAIMANT )
)
Vs. )
)
**CARS COLLISION CENTER, LLC,** d/b/a CARS towing Division )
corporation organized and existing under the laws of the State of Illinois; )
**TIMOTHY CHARLES LAPP,** in his official capacity )
Attorney for the Village of South Holland and in his individual capacity; )
**P. WILLIAMS,** lackey (Star #102), in his official capacity as Officer )
VILLAGE OF SOUTH HOLLAND POLICE, and in his individual capacity; ) **TRIAL BY: JURY DEMAND**
**B. BURKE,** lackey (Star #131), in his official capacity as Officer )
VILLAGE OF SOUTH HOLLAND POLICE, and in his individual capacity; )
**TONY KULCYZK,** in his official capacity as Manager of CARS TOWING; )
**UNKNOWN TOW TRUCK DRIVER** for CARS Collision d/b/a )
CARS towing Division ,in his individual capacity )
)
DEFENDANTS, individually and/or severally. )

11-cv-08022
Judge Joan B. Gottschall
Magistrate Judge Morton Denlow

# COMPLAINT

Comes Now, Plaintiff, Julian Nettles Bey, complains of Defendants, CARS Collision d/b/a Cars towing division collectively referred to as ("**CARS**") as defendant to this action, TIMOTHY CHARLES LAPP referred to as ("**LAPP**") as defendant to this action, officer P. WILLIAMS star# 102 referred to as ("**WILLIAMS star # 102**") as defendant to this action, B. BURKE star#131 referred to as ("**BURKE star# 131**") as defendant to this action, TONY KULCYZK referred to as ("**KULCYZK**") as defendant to this action, UNKNOWN TOW TRUCK DRIVER referred to as (**UNK. DRIVER OF TRUCK #63**) as defendant to this action; and states the following grounds

Page 1 of 16

## A. JURISDICTION OF THE COURT

1). This case is filed under 42 U.S.C.A. section 1983,1985(3) and The United States Constitution Fourth Amendment as to the states by the Fourteenth Amendment jurisdiction exist in this Court under Title 28 U.S.C.A. section 1331, 1343(a)(3), 1343(a) (4) and 1367(a). Plaintiff invokes of providing supplemental jurisdiction for State law claims ,Venue is proper in the Northern District of Illinois pursuant Title 28 U.S.C.A. subsection 1391(a) (1)

## B. CIVIL ACTION FOR VIOLATION OF DEPRIVATION

2). Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, for the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

## C. PLAINTIFF DEMANDS TRIAL BY JURY

3). Plaintiff, Julian Nettles Bey was at all relevant times an "African American" citizen of the United States of America ,whom resides at times 9620 So. Sangamon, Chicago, Illinois 60643 and also 309 Bertrand, Knoxville, Tennessee 37915.

4). Defendant CARS, is an Illinois corporation organized and existing under the laws of the State of Illinois. At all times material to this cause of action, Cars Collision doing business as Cars towing are responsible for their wrongful acts as agent hired by Officer B. Burke star 131 and P. Williams star #102 while acting within the scope and course of their contract, and under the color of law.

5). Defendant TIMOTHY CHARLES LAPP, at all relevant times to this cause of action was a citizen of the United States and resided in Cook County, and the State of Illinois, upon information, and belief Defendant ("LAPP") was hired as "Attorney Agent" employed as a Attorney to defend co-workers, and can be held liable for his wrongful acts of its servants, within the scope of his employment, Defendant ("LAPP") in his individual capacity undertakes and performs ministerial acts motivated by personal interest, in bad faith had conspired with others to violate federal law.

6). Defendant P.WILLIAMS star# 102 ,at all relevant times was material here to this cause of action was a citizen of the United States and is/was employed in Cook County, and the State of Illinois , Defendant ("WILLIAMS star#102") is employed as an officer for South Holland Police Department, while employed can be held liable for his wrongful acts ,acting within the scope and course of his employment ,Defendant("WILLIAMS star#102") his position and under color and pretense of the statues ,ordinances ,regulation ,customs and usages of the State of Illinois ,Cook County and under color of State Law conspired with other to violate federal law.

7). Defendant B. BURKE star# 131 ,at all relevant times was material here to this cause of action was a citizen of the United States and is/was employed in Cook County, and the State of Illinois , Defendant ("BURKE star#131") is employed as an officer for South Holland Police Department, while employed can be held liable for his wrongful acts acting within the scope and course of his employment ,Defendant("BURKEstar#131") his position and under color and pretense of the statues ,ordinances ,regulation ,customs and usages of the State of Illinois ,Cook County and under color of State Law conspired with others to violate federal law.

8). Defendant Kulcyzk , at all relevant times material here to this cause of action was a citizen of the United States and is/was employed as a manager for ("CARS") as a manager he was hired/contracted to tow cars those acts were committed under the color of Municipal ordinance & State Law at the time that they committed the acts. Defendant(s) Kulcyzk was/is the manager of ("CARS") acting within the scope of his

employment as a tow service manager and was contracted by the officers ("BURKE star#131") and ("WILLIAMS star#102") at the time the acts were committed they violated federal law.

9). Defendant UNKOWN TOW TRUCK DRIVER of truck #63 at all relevant times was material here to this cause of action was a citizen of the United States and is/was employed in Cook County, and the State of Illinois, while employed as a driver for ("CARS") and contract by officers (BURKE star#131) and ("WILLIAMS star# 102") under the color of Municipal ordinance & State Law at the time the acts were committed violated federal law.

### D. STATED FACTS WHICH RELIEF IS CLAIMED

10). Plaintiff, a 74 year old male who travels throughout the United States, giving lectures on health and wellness. On August 22, 2010 Plaintiff was ask to stay at a friend's home 84 W. Woodland Drive in South Holland, Illinois.

11) Plaintiff was falsely arrested approximately 8:30am on August 22, 2010 by Officer P. Williams star# 102 and Officer Burke star # 131.

12) Plaintiff was grabbed and handcuffed with force causing bodily harm by Officer P. Williams star # 102 and Officer Burke star# 131.

13). August 22, 2010 officer P. Williams star# 102 and Officer B. Burke star #131 went into Plaintiff's pockets and took his keys to his 1997 Dodge Caravan.

14). August 22, 2010 Officer P. Williams star# 102 and Officer B. Burke star #131 without authorization gave Plaintiff's cars keys to Unknown tow truck driver who operated truck #63.

15) August 22, 2010 Plaintiff's 1997 Dodge Caravan was park on private property, where he was a guest at in South Holland.

16) Plaintiff never authorized anyone to move his 1997 Dodge Caravan.

17) August 22, 2010 Plaintiff was never given a warrant or Court to seize Plaintiff's 1997 Dodge Caravan.

18). August 22, 2010 Plaintiff was denied access to the washroom while in the custody of P. Williams star# 102.

19). August 22, 2010 Plaintiff was accused of trespassing and the charges were dismiss by a Cook County Judge.

20). Plaintiff filed a Temporary Restraining Order (TRO) in Court to keep CARS from destroying the 1997 Dodge Caravan , Defendant ("LAPP") appear before the Court demanding the Plaintiff to pay cash and cash only for the return of Plaintiff's 1997 Dodge Caravan the was seized without a warrant or Court order.

21) Plaintiff was denied access to his clothes, shoes, medication, lecture material that were in Plaintiff 1997 Dodge Caravan, by Defendant ('CARS).

22). Plaintiff made several attempts to retrieve his personal items from his 1997 Dodge Caravan but the manager of ("CARS") denied Plaintiff.

23). Plaintiff was forced to go to the emergency room because Plaintiff could not get access to his medication in the 1997 Dodge Caravan.

24). Plaintiff 1997 Dodge Caravan was seized by (Unkn. Truck Driver) who drove truck #63 that had the ("CARS) logo on it and was not given authorization by Plaintiff to move it/tow it.

25) Defendant (Unkn. Truck Driver) did not show or give Plaintiff a warrant or Court order to seize Plaintiff's 1997 Dodge Caravan.

26). Defendant ('LAPP") appeared in Court advising the Court by slandering Plaintiff and preventing Plaintiff from accessing his property.

27). Defendant ("LAPP") conspired with ("CARS") to extort from Plaintiff $ 1,475.00.

28) Defendant ("CARS") refused to give Plaintiff an EIN so he could report $ 1,475.00 on his taxes.

29). Plaintiff was force to rent cars, buy clothes, shoes and pay an emergency room hospital bill.

## COUNT I
### FOURTH AND FOURTEENTH AMENDMENT

(EXCESSIVE FORCE) ILLEGAL SEARCH AND SEIZURE
AGAINST
OFFICER P. WILLIAMS STAR# 102 and B. BURKE STAR # 131

AND ("CARS")

30). Plaintiff re-alleges and incorporates herein.

Page 5 of 16

31). Plaintiff asserts Count I ,arising under 42 U.S.C.A section 1983 ,1985 against Defendants P. Williams star 102 , B. Burke star # 131 were acting in their individual capacity and under color of State law within the scope of their employment.

32). Defendants P. Williams star 102, B. Burke star # 131 actions using unreasonable and unjustifiable force against Plaintiff ,without legal justification violated Plaintiff's Fourth and Fourteenth Amendment rights to be secure in his person ,papers and effects against unreasonable seizure and to be free from excessive and unreasonable force, in their official and their individual capacities.

33). Defendants P. Williams star 102, B. Burke star # 131 officers exhibited a conscious disregard or reckless indifference to the Plaintiff rights and personal safety. The award of punitive damages is necessary to punish officers for their misconduct and to deter similar misconduct in the future.

34) Defendant (Unkn. Truck Driver) an employee of ("CARS") did not produce a warrant or Court Order to seize Plaintiff 1997 Dodge Caravan, without legal justification violated Plaintiff's Fourth Amendment rights to be secure in his person , papers and effects against unreasonable seizure.

35). Defendants P. Williams star 102, B. Burke star # 131, wrongfully ,intentionally ,willfully and wantonly arrested and restrained Plaintiff.

36). The seizure of Plaintiff by Defendants P. Williams star 102, B. Burke star # 131, was unreasonable and in violation of Plaintiff's rights under the Fourth Amendment.

37). As a direct and approximate result of the policy and conduct of Defendants P. Williams star 102, B. Burke star # 131 ,Plaintiff was wrongfully imprisoned and arrested ,deprived of his freedom of movement against his will, and suffered ,and continues to suffer ,mental anguish ,public humiliation and diminished self- esteem.

38). At all times material hereto this cause of action. There was in force a federal law known as Federal Civil Rights Act 42 U.S.C.A section 1983 and 1985 ,which confers plaintiff the right to seek redress for the above –described violation of his rights under the Fourth Amendment and evidence will support the allegation.

**Wherefore** Plaintiff, Julian Nettles Bey prays that the Court enter a judgment in his favor and against Defendants P. Williams star 102, and B. Burke star # 131 and Unkn. Truck Driver of ("CARS").

A. For an award of compensatory damages in the amount of Three Hundred & Fifty Thousand Dollars ($ 350,000.00).

B. Grant such other and further relief this Court deems equitable and just.

## COUNT II

### CAUSE OF ACTION UNDER THE FEDERAL CIVIL RIGHTS ACT FOR FALSE ARREST AND FALSE IMPRISONMENT AGAINST DEFENDANTS WILLIAMS & BURKE

39). Plaintiff re-alleges and incorporates herein.

40). Plaintiff Julian Nettles Bey, an African American, citizen of the United States of America.

41). It was the right of Plaintiff ,as guaranteed by the Fourth Amendment to the Constitution of the United States ,to be secure in person against unreasonable searches and seizures.

42). Defendant P. Williams star# 102 was employed as a police officer by the Village of South Holland Police Department at all times material hereto this cause of action.

43). Defendant P. Williams star# 102 acted under color of State law at the time that he committed acts described above.

44). Defendant B. Burke star # 131 was employed as a police officer by the Village of South Holland Police Department at all times material hereto this cause of action.

45). Defendant B. Burke star # 131, acted under color of State law at the time that he committed acts described above.

46). Defendants P. Williams star 102, B. Burke star # 131 wrongfully, intentionally ,willfully and wantonly restrained and arrested Plaintiff violating Plaintiff's rights under the Fourth Amendment.

47). At all times material hereto this cause of action. There was in force a federal law known as Federal Civil Rights Act 42 U.S.C.A section 1983 ,which confers Plaintiff the right to seek redress for the above –described violation of his rights under the Fourth Amendment and evidence will support the allegation.

**Wherefore** Plaintiff, Julian Nettles Bey prays that the Court enter a judgment in his favor and against Defendants P. Williams star 102, and B. Burke star # 131, who acted under color of State law in their individual capacity as follows:

A. For an award of compensatory damages in the amount of Three Hundred Thousand ($ 300,000.00).

B. For an award of punitive damages in the amount of Seven Hundred Thousand ($ 700,000.00).

COUNT III
CAUSE OF ACTION UNDER THE FEDERAL CIVIL RIGHTS ACT
<u>FOR MALICIOUS PROSECUTION</u>
AGAINST
<u>P. Williams star 102, and B. Burke star # 131,</u>

48). Plaintiff re-alleges and incorporates herein.

49). Defendants P. Williams star 102, and B. Burke star # 131, making false statements about Plaintiff which Defendants knew the charges to be false at the time they were made.

50). Each Defendant knew that probable cause to institute any criminal prosecution of Plaintiff was lacking and they each knew from personal knowledge that the Plaintiff had not committed any act of "trespassing" or any other act.

51). The false accusation made by Defendants P. Williams star 102, and B. Burke star # 131, to the prosecutors which resulted in the arrest and prosecution of Plaintiff were not based on allegation made in good faith by the Defendants.

52). The statements made by P. Williams star 102, and B. Burke star # 131, were not a mistake ,nor merely an error nor were made they negligently, they were made with malice ,and intentional malice and intentional lies.

53). Plaintiff was brought before Cook County Judge Turner in Markham; Illinois to answer the charge of "trespass", the Judge dismiss the charge against Plaintiff Julian Nettles Bey.

54). Defendants P. Williams star 102, and B. Burke star # 131, wrongful acts ,which cause the imprisonment and prosecution of Julian Nettles Bey who suffered great mental anguish physical discomfort ,embarrassment and emotional distress.

55). Defendants P. Williams star 102, and B. Burke star # 131, acted evil, hate with malice.

**Wherefore** Plaintiff, Julian Nettles Bey prays that the Court enter a judgment in his favor and against Defendants P. Williams star 102, and B. Burke star # 131, who acted under color of State law in their individual capacity as follows:

A. For an award of compensatory damages for malicious prosecution under 42 U.S.C.A section 1983 in the amount of Four Hundred Thousand ($400,000.00).
B. For an award of punitive damages under 42 U.S.C.A section 1983 in the amount Four Hundred Thousand ($400,000.00).
C. For an Order directing the Defendants to apologize to Plaintiff for its unlawful conduct toward Plaintiff.
D. Any other relief that the Court deems just and equitable.

# COUNT IV
# CAUSE OF ACTION UNDER THE FEDERAL CIVIL RIGHTS ACT
# FOR CIVIL CONSPIRACY
# AGAINST
# ("LAPP"), ("CARS") ("KULCYZK") ("WILLIAMS star#102"), ("BURKE star#131")
# UNDER 42U.S.C.A. SECTION 1983 AND 1985(3)

56). Plaintiff re-alleges and incorporates herein.

57). Plaintiff ,Julian Nettles Bey ,a citizen of the United States of America ,was within the territorial boundaries of Illinois at all times material hereto this cause of action.

58). Defendant TIMOTHY CHARLE LAPP,("LAPP") was engaged in the conduct and provision of practicing law in the State of Illinois ,and was hired to defend employees of South Holland Police Department ordinances, policies ,customs and other State actors .

59). This count is brought pursuant to 42 U.S.C.A. section 1983 , as amended by and through 42 U.S.C.A. section 1985(3) of Title 42 of the United States code making it unlawful for two(2) or more persons to conspire against another person to violate federally protected rights secured by the United States Constitution.

60). Defendants P. Williams star 102, and B. Burke star # 131, unknown tow truck driver of truck #63 met on Sunday August 22,2010 ,committing and causing Plaintiff to be without his 1997 Dodge Caravan and his medication, clothes ,shoes and other personal effects.

61). Defendants P. Williams star 102, and B. Burke star # 131, unknown tow truck driver of truck #63 met on Sunday August 22,2010 to discuss how they was going to write a report.

62). Defendant LAPP appeared an express in Court for State actors, to prevent Plaintiff from receiving a temporary restraining order (TRO) , ("CARS") had threaten to destroy Plaintiff's 1997 Dodge Caravan.

63) Defendant LAPP appeared in Court September 22, 2010 an express why Plaintiff should not have his 1997 Dodge Caravan, and his personal effects inside.

64). Defendant LAPP conspired with Defendant Tony Kulcyzk by advising ("CARS") manager to not let, Plaintiff retrieve nothing from his vehicle i.e. medication, clothes, shoes until Plaintiff pay in cash the extortion fees.

65). Defendant Tony Kulcyzk conspired with Defendants P. Williams star 102, and B. Burke star # 131 to work on Sunday to tow Plaintiff 1997 Dodge Caravan off private property.

66).Defendant Tony Kulcyzk and unknown tow truck driver of truck #63 conspired with Defendants P. Williams star 102, and B. Burke star # 131, to deprive Plaintiff of his property violating federal law.

67.) Defendant LAPP, Defendant Tony Kulcyzk, unknown tow truck driver of truck #63, Defendants P. Williams star 102, and B. Burke star # 131 were acting individually within the scope and course of conduct and otherwise agreed by reaching an understanding conspiring together to violated Nettles Bey Constitutional rights.

68). Each Defendant did engage to conspire with knowledge that it would deprive Nettles Bey of his constitutional rights ,privileges and immunities ,as guaranteed by the Constitution and federal laws of the United States.

69). Defendants Kulcyzk, unknown tow truck driver of truck #63,LAPP was considered to be private persons ,jointly engaged with state officials , Defendants P. Williams star 102, and B. Burke star # 131, whom acted "under the color of State law".

*Wherefore* Plaintiff, Julian Nettles Bey prays that the Court enter a judgment in his favor and against Defendants P. Williams star 102, and B. Burke star # 131, Timothy Charles Lapp, Unknown tow truck driver of #63, Tony Kulcyzk whom conspired to deprive Plaintiff of his Constitutional and federally protected rights . Individuals were acting in their individual and official capacity and under color of State law to violate Nettles Bey's Constitutional rights

A. For an award of compensatory damages for Conspiracy under 42 U.S.C.A section 1983 in the amount of Five Hundred Thousand ($500,000.00).

B. For an award of punitive damages under 42 U.S.C.A section 1983 in the amount Five Hundred Thousand ($500,000.00).

C. For an Order directing the Defendant LAPP to apologize to Plaintiff for his unlawful conduct toward Plaintiff.

D. Any other relief that the Court deems just and equitable

## COUNT V

### CAUSE OF ACTION UNDER THE FEDERAL CIVIL RIGHTS ACT
### UNDER THE FOURTH AMENDMENT
### AGAINST
### ("CARS")

**RACKETEERING: U.S.C. CH.95 TITLE 18 § 1951 (a)**

70). Plaintiff re-alleges and incorporates herein.

71). Defendant ("CARS") was hired /contracted by State actors at all times material hereto this cause of action.

72). Defendant ("CARS") is responsible for wrongful acts while hired/contracted to illegally and unlawfully tow cars without owner's authorization.

73). Defendant ("CARS") organized under the State of Illinois , a corporation while acting under the color of State law, ("CARS") had in its possession a 1997 Dodge Caravan .

74). Defendant ("CARS") did not have a Court order or a warrant to seize or be in possession of 1997 Dodge Caravan.

75). Defendant ("CARS") refused to release Plaintiff's personal effects until he paid in full the extortion fees in cash.

76). Defendant ("CARS") refused to release Plaintiff's 1997 Dodge Caravan until he paid in full the extortion fees in cash.

77). Defendant ("CARS") has no justification in the seizure of Plaintiff's 1997 Dodge Caravan.

78). Defendant ("CARS") was aware seizing Plaintiff's Dodge Caravan is a violation of federal law.

79). Defendant ("CARS") demanded $135.00 plus $30.00 a day for every day they illegal and unlawfully seized Plaintiff's 1997 Dodge Caravan.

80). Defendant ("CARS") at all times of this action, knew there was in force a federal law known under Title 18 § 1951 (a).

*Wherefore* Plaintiff, Julian Nettles Bey prays that the Court enter a judgment in his favor and against Defendant ("CARS") whom illegally seized and were in possession of Plaintiff's 1997 Dodge Caravan and denying which deprived Plaintiff of his Constitutional and federally protected rights. ("CARS") were acting under color of State law to violate Nettles Bey's Constitutional rights and federal law.

A. For an award of compensatory damages in the amount of Five Hundred Thousand ($500,000.00).

B. For an award of punitive damages in the amount Five Hundred Thousand ($500,000.00).

C. Any other relief that the Court deems just and equitable

### COUNT VI
### CAUSE OF ACTION UNDER THE FEDERAL CIVIL RIGHTS ACT
### FOR BATTERY
### AGAINST
### P. Williams star 102, and B. Burke star # 131,
### PURSUANT TO TITLE 28 U.S.C SECTION 1367(c)

81). Plaintiff re-alleges and incorporates herein.

82). Plaintiff ,Julian Nettles Bey ,a citizen of the United States of America ,was within the territorial boundaries of Illinois at all times material hereto this cause of action.

83). Defendants P. Williams star 102, and B. Burke star # 131, subject Plaintiff to contact of an insulting and provoking nature and cause Plaintiff bodily harm, directly and proximately causing Plaintiff physical and emotional injuries ,as set forth , P. Williams star 102, and B. Burke star # 131, thereby subject Plaintiff to the tort of a battery under Illinois law.

84). Defendants P. Williams star 102, and B. Burke star # 131, actions and omission, as set forth above, were intentional, willful, wanton, malicious and without probable cause provocation ,or legal justification ,and/or reckless disregard for their natural consequences.

85). Defendants P. Williams star 102, and B. Burke star # 131, action committed described above were undertaken within the scope of their employment as police officers of the South Holland Police department .

**Wherefore**, Plaintiff Julian Nettles Bey prays that this Court enter judgment in his favor and against Defendants P. Williams star 102, and B. Burke star # 131 in their official capacity and individual capacity each Defendant acted under the color of State Law when they violated the Constitution of the United States of America Fourth and Fourteenth Amendments and Illinois law when they violated federal law and State law.

    A. Award Plaintiff judgment against Defendants P. Williams star 102, and B. Burke star # 131 for battery and compensatory damages in amount of Three Hundred and Fifty Thousand Dollars ($350,000.00)

    B. For an award of punitive damages in the amount Five Hundred Thousand ($500,000.00).

    C. Any other relief that the Court deems just and equitable

## REQUEST FOR RELIEF

1) Move this Court to grant Plaintiff monetary relief in the amount in damages of $ 2.0 million dollars.

2) Grant Plaintiff appropriate relief in concert, for denying lawful rights secured by the United States Constitution of America.

3) Grant treble damages against each Defendant that this Court deems acted with willful intentional malice.

4) Grant such Orders and further relief that this Court seems equitable and just.

### (SEE TRUE BILL)

**Re: INVOICE**

### NOTICE OF DEMAND AND SETTLEMENT

### OR PAY A SUM CERTAIN

### TRUE BILL

1. Unlawful seizure of property……………….....$207,000.00 4th Amendment

2. Deprived of property without Due Process of Law…..$207,000.00 14th Amendment

3. Property Rights (civil)……...$207,000.00 U.S.C. Title 42 Section 1982

4. Fraudulent statement & misrepresentation 3x $30,000.00 U.S.C. Title 18 Section 1001

5. Extortion……….…....$257,000.00 U.S.C. Ch. 41 Title 18 § 872

6. Robbery…………..…..$457,000.00 U.S.C. Ch. 103 Title 18 § 2118 (a)

7. Conspiracy……………. $217,000.00 U.S.C. Ch.115 Title 18 § 2384

8. Racketeering…………..$157,000.00 U.S.C. Ch. 95 Title 18 § 1951

9. Perjury……………..……….$15,000.00 U.S.C. Ch. 79 Title 18 § 1621

10. Theft of Vehicle…………………………….2x75,000.00

11. Larceny……………………………….U.S.C. Ch. 87,000.00

     **Amount of damages…………………$2,051,000.00**
     **Compensatory damages…………………x 3**
     **Punitive damages……...……………….x10**


Affiant, *Julian Nettles Bey*, having read the foregoing and understanding the tenor of the same do hereby verify that the factual averments, statements and attachments are true, correct, certain, complete and accurate to the best of my personal knowledge and information. That the above statements of facts are made under the penalty of perjury of the laws of the United States of America

          */s/ Julian Nettles Bey*
          Julian Nettles Bey

Subscribed and sworn to before me on this 10th day of November, 2011, a Notary Public for Cook County of Illinois

          */s/ Jonathan L Smith*
          Notary Public

[Notary Seal: JONATHAN L SMITH, MY COMMISSION EXPIRES APRIL 14, 2014, Official Seal, State of Illinois]