## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Julian Nettles Bey, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-cv-08022 |
| | ) Honorable Judge Joan B. Gottschall |
| Cars Collision Center, LLC, *et al*. | ) Magistrate Judge Morton Denlow |
| | ) |
| Defendants. | ) |
| | ) |

### CARS COLLISION CENTER, L.L.C.'S
### MOTION TO DISMISS COUNTS I, IV AND V

Defendant, CARS COLLISION CENTER, L.L.C. d/b/a CARS TOWING DIVISION ("Cars") by its undersigned counsel and pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), respectfully requests that this Court enter an order dismissing Complaint filed by JULIAN NETTLES BEY ("Plaintiff") which stems from Plaintiff's arrest for criminal trespassing on or about August 22, 2010.

### ARGUMENT

**I.  Plaintiff Sued the Wrong Party.**

Cars is not a proper party defendant in this case as it did not tow the vehicle referenced in Plaintiff's Complaint. (*See* Ex. A ¶ 3). In fact, Cars Collision has not performed any towing services for the Village of South Holland from January 1, 2008 through December 27, 2011. (*Id.* ¶ 5). Therefore, all Counts directed against Cars should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(5). *See Byrd-Tolson v. Supervalu*, Inc., 500 F. Supp. 2d 962, 968 (N.D. Ill. 2007) (citing *Hoving v. Davies*, 159 Ill. App. 3d 106, 109 (1st Dist. 1987) (affirming trial court's dismissal of plaintiff's complaint because plaintiff "did not merely misname the right party, but named the

{00113353.DOC /v. 1 }

wrong party)).

Accordingly, Cars respectfully requests that this Court enter an order dismissing Counts I, IV and V with prejudice and awarding Cars such other and further relief as this Court deems just and appropriate under the circumstances.

## II. All Counts against Cars are Also Subject to Dismissal in Accordance with Rule 12(b)(6).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Counts I, IV and V directed against Cars should be dismissed for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Plaintiff's Complaint is rife with unsupported legal conclusions (*see, e.g.*, Compl. ¶¶ 4, 11, 27, 65, 66, 69 & 73), and the Court should disregard such conclusions in evaluating the sufficiency of Plaintiff's Complaint.

### A. Count I Fails as a Matter of Law and Should be Dismissed.

As demonstrated below, in Count I, Plaintiff fails to state a claim for which relief can be granted under 42 U.S.C. § 1983. The Supreme Court clearly established the requirements for a successful Section 1983 claim:

> The terms of Section 1983 makes plain two elements that are necessary for recovery. (1) First, the plaintiff must prove that the defendant has deprived him of a right secured by the Constitution and laws of the United States. (2) Second, the plaintiff must show that the defendant deprived him of this constitutional right under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory. This second element requires that the plaintiff show that the defendant acted under color of law.

*Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970) (citations omitted).

First, it should be noted that Plaintiff did not have any ownership rights, right to possession or occupancy with respect to the real property in question, 84 W. Woodlawn Drive, South Holland, Cook County, Illinois. (*See* Ex. B).

Second, Cars is a private party and not a state actor for the purposes of Plaintiff's Section 1983 claim under Count I. Federal courts have recognized several tests for determining whether a private actor has engaged in state action including the "joint action" test, in which private actors are deemed to be state actors because they are willful participants in joint action with the state or its agents." *Watson v. St. Luke Academy*, No. 04 C 2472, 2005 WL 281227 at 4 (N.D. Ill. Fed. 2, 2005) (granting motion to dismiss on the grounds that plaintiff's complaint was not clear as to how a private defendant was a state actor). "A charge of joint action amounts to alleging some agreement between private and public actors to violate plaintiff's constitutional rights." *Cunningham v. Southlake Center for Mental Health, Inc.*, 924 F.2d 106, 107 (7th Cir. 1991). Given that Count I contains nothing more than a formulaic recitation of the elements of a Section 1983 claim, it should be dismissed pursuant to Rule 12(b)(6). (*See Compl.* ¶¶ 4 and 37).

**B. Count IV Also Should be Dismissed in Accordance with Rule 12(b)(6).**

Under Count IV, Plaintiff purports to state a conspiracy claim against Cars, *inter alia*, alleging as follows: (1) "Defendant LAPP appeared an [*sic*] express [*sic*] in Court for State actors, to prevent Plaintiff from receiving a temporary restraining order (TRO), ("CARS") [*sic*] had threaten [*sic*] to destroy Plaintiff's 1997 Dodge Caravan" and (2) "Defendant LAPP conspired with Defendant Tony Kucyzk by advising ("CARS") manager to not let, [*sic*] Plaintiff retrieve nothing [*sic*] from his vehicle i.e. [*sic*] medication, clothes, shoes until Plaintiff pay in cash the extortion fees." (Compl. ¶¶ 62 and 64).

In evaluating their allegations of conspiracy, the Seventh Circuit requires plaintiffs to meet a "high standard of plausibility." *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009); *Dix v. United States*, Case No. 09-CV-6349, 2010 WL 2607262 (N.D. Ill. June 24, 2010). A complaint consisting of nothing more than "naked assertion[s]" devoid of "further factual enhancement" must be dismissed for failing to meet the requirements of Rule 8. *Ashcroft v. Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). When making the determination of plausibility, a court may rely upon judicial experience and common sense. *Id.* at 1950. Under Count IV, Plaintiff offers nothing more than a formulaic recitation of the elements of a conspiracy claim and a slew of legal conclusions which are equally generic and vague. (*See, e.g.*, Compl. 65, 66, 67, 68 & 69). Accordingly, Count IV also should be dismissed pursuant to Rule 12(b)(6). *See Iqbal*, 129 S.Ct. at 1949.

### C. Count V Fails as a Matter of Law and Should be Summarily Dismissed.

Under Count V, Plaintiff purports to state a violation of the Hobbs Act, 18 U.S.C. § 1951, a criminal statute. In relevant part, the Hobbs Act makes it illegal to obstruct, delay, or affect commerce by robbery or extortion. *Id.* Because there is no private right of action for any kind of violation of the Hobbs Act, Count V against Cars should be dismissed with prejudice. *See Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 409 (8th Cir. 1999) ("We agree that neither the statutory language of 18 U.S.C. § 1951 nor its legislative history reflect an intent by Congress to create a private right of action. We hold therefore, that the district court correctly dismissed the claims based on a private right of action . . . ."); *McColm v. Anber*, 2006 WL 3645308, at *7 (N.D. Cal. Dec. 12, 2006) (Unlike RICO..., the Hobbs Act does not provide a civil counterpart to any criminal offense, nor can one be implied from the legislative language. As a result, plaintiff has no private right of action for violation of the Hobbs Act." (citations omitted)). Therefore, Count V should be summarily dismissed with prejudice.

## **CONCLUSION**

For all the foregoing reasons, Cars respectfully requests that the Court enter an order dismissing all counts directed against it, *i.e.,* Counts I, IV and V, and awarding it such other and further relief as this Court deems just and appropriate under the circumstances.

Respectfully submitted,

/s/ Adisa Krupalija
Adisa Krupalija

Adisa Krupalija
(ARDC #6294406)
Clingen Callow & McLean, LLC
2100 Manchester Road
Suite 1750
Wheaton, IL 60187-4574
Tel:    630.871.2609
Fax:    630.871.9869

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that on February 15, 2012, the foregoing document was served, pursuant to L.R. 5.9 and the General Order of Electronic Filing, via the Court's Electronic Case Filing System, to all parties of record, including *pro se* Plaintiff.


*/s/ Adisa Krupalija*


Adisa Krupalija
Clingen Callow & McLean, LLC
2100 Manchester Road
Suite 1750
Wheaton, Illinois 60187
T: 630.871.2600
F: 630.871.9869