IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JULIAN T. NETTLES-BEY, | ) |
| *Plaintiff,* | ) Civil Action No. 11-cv-8022 |
| v. | ) Honorable Judge Gottschall |
| CARS COLLISION CENTER, LLC, et al., | ) |
| *Defendants.* | ) **JURY DEMANDED** |

## FIRST AMENDED COMPLAINT

Plaintiff Julian T. Nettles-Bey, by his attorneys, complain against Defendants as follows:

### NATURE AND STATUTORY BASIS OF ACTION

1. This is an action for deprivation and violation of Plaintiff Julian T. Nettles-Bey's constitutional rights under the Civil Rights Act, 42 U.S.C. § 1983, et seq.

### THE PARTIES

2. Plaintiff Julian T. Nettles-Bey is a United States citizen, and resides at 309 Bertrand Avenue, Knoxville, Tennessee.

3. Defendant Cars Collision Center, LLC, d/b/a/ Cars Towing Division ("Cars"), is an Illinois Limited Liability Company, having a place of business at 16100 Suntone Drive, South Holland, Illinois.

4. Defendant Tony Kulcyzk ("Kulcyzk"), is or was a manager of Cars, and has an address of 16000 Suntone Drive, South Holland, Illinois.

5. Defendant Village of South Holland is a municipality located in Cook County, Illinois, and has an address of 16226 Wausau Avenue, South Holland, Illinois.

6. Defendant P. Williams ("Williams") is or was a police officer for the Village of South Holland, having an address of employment at 16220 Wausau Avenue, South Holland, Illinois.

7. Defendant B. Burke ("Burke") is or was a police officer for the Village of South Holland, having an address of employment at 16220 Wausau Avenue, South Holland, Illinois.

8. Defendants Unknown Police Officers are or were police officers for the Village of South Holland, having an address of employment at 16220 Wausau Avenue, South Holland, Illinois.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction over the subject matter of this Complaint pursuant to 42 U.S.C. §§ 1983, 1985 and 28 U.S.C. §§ 1331 and 1343(a). The Court has supplemental jurisdiction over Illinois state law claims, pursuant to 28 U.S.C. § 1367(a).

10. The Court has personal jurisdiction over each of the Defendants. Defendants Cars, Kulcyzk, Village of South Holland, Williams, and Burke, are all residents of the State of Illinois, are employed in the State of Illinois, conduct business in the State of Illinois, and committed the acts described herein within the State of Illinois. As a result, the Court has personal jurisdiction over these Defendants pursuant to one or more subsections of 735 ILCS 5/2-209(a)-(c), in that the Defendants have, with respect to the present case, transacted business in the State of Illinois, engaged in the acts described herein within Illinois, and/or have contacts with the State of Illinois, all commensurate with the United States and Illinois Constitutions, so as to submit themselves to the jurisdiction and process of this Court.

11. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b), in that all defendants are citizens of Illinois, and the activities complained of herein all occurred in this judicial district.

**FACTS**

12. Mr. Bey is 75 years old. He has had the surname "Bey" his entire life, as did his father, who emigrated to the United States from Tunisia.

13. Mr. Bey is familiar with people who call themselves "Moors," people who associate themselves with the Moorish Science Temple of America, an Islamic sect founded in New Jersey in 1913. However, Mr. Bey himself is not a Moor. Others mistakenly believe he is a Moor because of his surname, as many followers of the Moorish Science Temple of America append to their surname the name "Bey."[1]

14. Now retired, Mr. Bey volunteers his time as a motivational speaker with an organization he founded, the Creation and Conservation of Wealth Institute. In this role, he travels around the United States speaking at seminars on a pro-bono basis, to inspire young people to better market themselves, or to create business ventures.

15. While travelling around the country, Mr. Bey has the opportunity to meet a wide variety of people. Many of these people offer Mr. Bey a place to stay while he is in town, as they understand he does not receive compensation for his seminars.

16. One of these men, Sabeel El-Bey, was known to Mr. Bey only as "Sabeel." He understood that Sabeel had recently purchased a home in South Holland, Illinois, and had a tenant who lived in one of the rooms, Ms. Felicia Mohammad. Sabeel asked Mr. Bey to stay at his South Holland home, as he was expecting a delivery of furniture, and was scheduled to go

---

[1] See Anjelica Tan and Susan Chandler, *Think You Own Your House? Check the Deed*, The New York Times, August 27, 2011, available at http://www.nytimes.com/2011/08/28/us/28cncmortgage.html?_r=1&pagewanted-all.

out of town on a business trip. Ms. Mohammad worked at a nearby hair salon during the day, and was unable to remain at home to receive the furniture.

17. Mr. Bey accepted Sabeel's offer to stay in Sabeel's South Holland home to await a delivery of furniture. On August 21, 2010 he met Sabeel, who gave him a garage door opener to let himself in and out of the home. Later that day, Mr. Bey drove his minivan to South Holland, and parked it in the driveway of 84 Woodland Drive, in plain sight, directly in front of the home.

18. On Sunday, August 22, 2010, the very next morning, Mr. Bey was awakened by a knock on the door at 8:30 a.m. He opened the front door to find defendants Williams and Burke, officers from the South Holland police department, who demanded to know why he was there. Mr. Bey explained that he was asked to stay in the home by the homeowner, and gave the police officers Sabeel's telephone number, so they could call him to clear up their apparent misunderstanding.

19. Instead, Williams and Burke handcuffed and arrested Mr. Bey and brought him to the police station. Williams and Burke did not explain why they were arresting Mr. Bey, or allow him to collect his belongings or medication, or to move his vehicle from the driveway. Officers Williams and Burke did not allow Mr. Bey to use the bathroom. A tow truck arrived and towed his minivan away. During the ride to the police station Mr. Bey overheard one of the officers say, "we have another one of them."

20. Mr. Bey was arrested for trespassing, even though no one ever told him he was trespassing, and he believed to have permission to stay there from the homeowner. He posted bond, and was released within an hour of arriving at the police station. The police department did

not release to him any of his other belongings, including his car, medication, the rest of his clothes, and/or sleeping bag -- beyond the clothes on his back.

21. Mr. Bey had to go to a hospital emergency room because he lacked access to his medication, and had to pay the subsequent hospital bill.

22. Mr. Bey also had to purchase clothing, while his belongings were unlawfully seized by Defendants.

23. Mr. Bey tried to retrieve his car from Defendant Cars tow lot, who refused to release his car and belongings, without authorization from the South Holland police department.

24. Mr. Bey subsequently went to the South Holland police department on five different occasions to retrieve his car, speaking each time to Defendants Unknown Officers at the station. Even though he had his registration in his car and carries a valid Tennessee State drivers license, the South Holland police department demanded additional evidence that Mr. Bey owned his car before they would release it. On each trip to the station, the South Holland police requested new evidence that was not previously requested or identified by the South Holland police department on Mr. Bey's previous trips. Such evidence had to be retrieved from Tennessee, at considerable time and expense.

25. On one trip to the South Holland police department, a lieutenant believed to be Dave Pedric admitted to Mr. Bey that his car should never have been towed, nor should he have been arrested, in the first place.

26. While his car was detained by Cars, Mr. Bey had to rent a car, incurring yet additional expense.

27. By on or about September 20, 2010, Mr. Bey had to seek relief from a Cook County judge in Markham, Illinois, to finally order his car to be released. Mr. Bey had to pay

5

$1,475.00 in cash to retrieve his car; $515.00 went to the South Holland police department, and $960.00 was paid to Cars.

28. Mr. Bey now understands that "Sabeel" did not own the house at 84 Woodland Drive, whose true owner at the time was one Adolph Clark. (Ex. A, May 11, 2012 Memorandum Opinion and Order, *Sabeel C. El-Bey v. Village of South Holland, et al.*, Civ. A. No. 11-cv-4949, D.I. 153 (Leinenweber, J.).) A deed in the name of the Moorish Science Temple Trust had been filed with the Cook County Recorder of Deeds in July, 2010, that claimed ownership of the property. Mr. Bey had no knowledge of either this transaction, or of the apparent conflicting claims of ownership. Moreover, Plaintiff Julian T. Nettles-Bey was never warned that he was trespassing on the property.

29. In addition to having no notice of any kind from either the police, Mr. Clark, or any other party that he was trespassing in Mr. Clark's home, Mr. Bey was never given any opportunity to remove his belongings from the home, or to remove his car from its driveway.

30. On February 1, 2011, a criminal trial was held before Judge Turner of the Cook County Circuit Court, Sixth Municipal Division on the trespassing charge. Following the bench trial, the judge found Mr. Bey not guilty of trespassing, because there was absolutely no evidence that Mr. Bey had ever been given notice of any kind that he was trespassing on the property.

31. Further, at the time of the arrest, no attempt had been undertaken by any of the Defendants to follow up on Mr. Bey's explanation of why he was in the house in the first place, which investigation would have readily revealed a recorded deed in the name of the Moorish Science Temple Trust, of which Sabeel El-Bey claims to be the Trustee.

## COUNT I – ILLEGAL SEARCH AND SEIZURE
## 42 U.S.C. § 1983

32. Mr. Bey re-alleges paragraphs 1 through 31.

33. Mr. Bey had a legitimate expectation of privacy when he stayed as a guest of Sabeel El-Bey and Sabeel El-Bey's tenant, Felicia Mohammad, at 84 Woodland Drive, South Holland, Illinois.

34. On information and belief, Defendants Williams and Burke spoke with Mr. Adolph Clark on August 22, 2010, who claimed to be the homeowner of the same property, and who complained of trespassers.

35. When Defendants Williams and Burke came to the home, Mr. Bey told the officers that he had permission to stay at the home from Sabeel, who he believed was the homeowner, and gave them Sabeel's phone number, so they could clear up this apparent confusion.

36. Defendants Williams and Burke assumed, contrary to fact, that Mr. Bey, like Sabeel El-Bey and Felicia Mohammad, was a Muslim, and in particular that he was a member of the Moorish Science Temple, by virtue of his last name and his dark skin.

37. Defendants Williams and Burke decided to arrest Mr. Bey, rather than asking him to vacate the property, because of his apparent Muslim faith, and believed association with the Moorish Science Temple.

38. On information and belief, Defendants did not check publicly available records, which would have revealed an unclear title to the home.

39. Defendants Williams and Burke arrested Mr. Bey without a warrant.

40. Defendants Williams and Burke arrested Mr. Bey without probable cause.

41. Defendants Williams and Burke arrested Mr. Bey without giving him an opportunity to first remove his belongings or vehicle from the property.

42. Defendants Williams and Burke contacted Defendants Cars and Kulcyzk to tow and hold Mr. Bey's vehicle in Cars' lot. Neither Cars nor Kulcyzk had Mr. Bey's permission to move or hold his car.

43. Defendants Cars and Kulcyzk knew, or should have known, that Defendants Williams and Burke lacked a warrant and probable cause to arrest Mr. Bey and order his vehicle towed.

44. Defendants' unlawful and unconstitutional acts, as alleged herein, were committed in violation of, and in complete disregard for, Mr. Bey's constitutionally protected rights and liberties, to be free of unlawful, warrantless and unjustified searches and abridgements of his rights, to be secure in his property and person from baseless intrusions by those acting under the color of state law, in violation of Mr. Bey's Fourth Amendment, as applied to the States by and through the Fourteenth Amendment of the United States Constitution. Defendants Williams, Burke, Cars and Kulcyzk knew of the legal and constitutional prohibitions of their actions, but nevertheless, in knowing and deliberate violation of the law, deliberately, maliciously and intentionally proceeded with, authorized, directed and/or completed the unlawful and unconstitutional search and seizures complained of herein. Defendants' acts amount to deliberate indifference to Mr. Bey's rights, in violation of the Fourth Amendment to the United States Constitution.

45. Defendants' conduct foreseeably, proximately and actually caused Mr. Bey to suffer damage, loss of savings and property, and damage to his health, in addition to mental and emotional distress, humiliation and embarrassment.

## COUNT II - FALSE ARREST

46. Mr. Bey re-alleges paragraphs 1 through 45.

47. Defendants Williams and Burke arrested Mr. Bey for trespassing, against his will.

48. Defendants Williams and Burke did not have reasonable grounds or probable cause to believe that Mr. Bey was trespassing.

## COUNT III - MONELL CLAIM AGAINST VILLAGE OF SOUTH HOLLAND
## 42 U.S.C. § 1983

49. Mr. Bey re-alleges paragraphs 1 through 48.

50. Defendant Village of South Holland trains its police force to identify men bearing the name of Bey, among others, as members of the Moorish Science Temple, and presumes such people are committing real estate fraud.

51. Upon information and belief, Defendant Village of South Holland has singled out other people whose last name is Bey, or are believed to be Muslims or members of the Moorish Science Temple, similar unlawful deprivation of their constitutional rights.

52. Defendant Village of South Holland facilitated the conduct complained of in this complaint, through their pre-hiring review, training, investigatory or disciplinary actions of officers who interact with actual or apparent Muslims, and those believed to be associated with the Moorish Science Temple.

53. Upon information and belief, Defendant Village of South Holland has singled out other people whose last name is Bey, or are believed to be members of the Moorish Science Temple, for similar unlawful deprivation of their constitutional rights.

54. And likewise Defendant Village of South Holland has singled out actual or apparent Muslims as presumptive criminals, who may be unlawfully deprived of their constitutional rights.

9

55. In so doing, Defendant Village of South Holland acted with deliberate indifference to Mr. Bey's constitutional rights.

## COUNT IV - ILLINOIS COMMON LAW FRAUD

56. Mr. Bey re-alleges paragraphs 1 through 55.

57. Defendants Village of South Holland, Cars, and Mr. Kulcyzk profit from towing and holding others' vehicles in South Holland, Illinois, for as long a period of time as possible.

58. While Mr. Bey was processed after his arrest in one hour, he was not able to recover his car for a month -- and then only by Order of the Court.

59. Defendants Unknown Police Officers, on repeated occasions, gave false statements of fact to Mr. Bey, namely that he could retrieve his car with specific documents that took him a great deal of time and effort to obtain from out-of-state, and that ultimately, repeatedly were insufficient for him to actually recover his car.

60. At the time Defendants Unknown Police Officers gave such statements, they knew them to be insufficient for Mr. Bey to recover his vehicle, to generate ever growing additional storage fees for Defendants.

61. Defendants Unknown Officers, Village of South Holland, Cars, and Mr. Kulcyzk, intended for Mr. Bey to make it as difficult as possible for Mr. Bey to recover his car, so they could recover additional storage fees.

62. Mr. Bey relied upon the truth of Defendants' statements, spending time, money, and effort to recover evidence of his ownership of the vehicle, among other documents, in order for him to recover his minivan.

63. Mr. Bey suffered damages as a result of his detrimental reliance of Defendants' statements, including $1,475.00 in fees, and additional money spent on a rental car, clothing, and

medical care, and by having to pursue a Court Order in order to recover his car -- nearly 30 days after his arrest.

## PRAYER FOR RELIEF

Plaintiff Julian T. Nettles-Bey prays for the following relief:

64. That this Court find that the conduct of Defendants Williams, Burke, Cars and Kulcyzk amounts to deliberate indifference to Mr. Bey's constitutional rights in violation of the Fourth Amendment to the United States Constitution;

65. That this Court find that Defendants Williams and Burke falsely arrested Mr. Bey;

66. That this Court find that the conduct of Defendant Village of South Holland amounts to deliberate indifference to Mr. Bey's constitutional rights in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

67. That this Court find that the conduct of Defendants Village of South Holland, Unknown police officers, Cars, and Kulcyzk amounts to Common Law Fraud.

68. That this Court award Mr. Bey damages to compensate him for all of the losses he has suffered at the hands of Defendants, and to also assess punitive damages, in order to punish Defendants for their behavior; and

69. That this Court award reasonable attorney fees, taxable costs and such other and further relief to Mr. Bey as deemed just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues triable by jury.

Respectfully submitted,

Julian T. Nettles-Bey

| | | |
|---|---|---|
| Dated: May 22, 2012 | By: | /s/Richard D. Harris |
| | | Richard D. Harris, Reg. No. 1137913 |
| | | Richard P. Bender, Reg. No. 6292375 |
| | | GREENBERG TRAURIG, LLP |
| | | 77 West Wacker Drive, Suite 3100 |
| | | Chicago, Illinois 60601 |
| | | Telephone: 312-456-8400 |
| | | Facsimile: 312-456-8435 |
| | | |
| | | Counsel for Plaintiff Julian T. Nettles-Bey by Court Appointment |