UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Julian T. Nettles-Bey, | ) |
|         Plaintiff, | ) |
| v. | ) Case No. 11-cv-8022 |
| Cars Collision Center, LLC *et al.*, | ) Honorable Judge Gottschall |
|         Defendants. | ) |

**CARS COLLISION CENTER, LLC'S AND TONY KULCYZK'S
REPLY BRIEF IN SUPPORT OF THEIR JOINT MOTION TO DISMISS COUNTS I
AND IV OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff's Response cannot save Counts I and IV to the extent they are directed against Cars Collision Center, LLC ("Cars") and Tony Kulcyzk ("Kulcyzk") as neither Count states a claim for which relief can be granted. For all the reasons set forth below, Cars and Kulcyzk respectfully request that the Court dismiss Counts I and IV of Plaintiff's First Amended Complaint with prejudice to the extent they are directed against them.

**I.    Counts I Fails to State a Claim for Which Relief can be Granted.**

In Count I, Plaintiff fails to state a Section 1983 claim against *inter alia* Cars and Kulcyzk. Plaintiff's central objections to having Count I dismissed appear to be the following: (1) That Plaintiff as "an invited houseguest" had "a reasonable expectation of privacy in the home;" (2) That after interacting with Mr. Bey, it should have been clear to "Defendants that he had no knowledge or notice of the alleged trespassing, whatsoever;" (3) That Defendants "should have simply asked Mr. Bey to leave;" (4) That Defendants did not give notice to "Mr. Bey that he was trespassing;" and, (5) That "Mr. Bey's vehicle was neither abandoned nor left unattended – it was in plain view directly in front of the home where Mr. Bey was staying;" and (6) That Mr. Clark was in default on

the house and that "while Mr. Clark claimed he owned the house, Mr. Clark did not live there, and the publicly available records, had they been accessed by the officer or the Defendants, would have revealed those "ownership" issues – together with a claim of title by Sabeel." However, all of these arguments are without merit in light of Plaintiff's own admission that Mr. Adolph Clark ("Mr. Clark") was the owner of the property in question, and neither Plaintiff nor Sabeel El-Bey had Mr. Clark's permission to be on Mr. Clark's property. *See* Compl. 28; *see also El-Bey v. Vill. of S. Holland*, No. 11 C 4949, 20121 U.S. Dist. LEXIS 66374, at *14-15 (N.D. Ill. May 11, 2012).

Furthermore, Plaintiff's reliance on the Court's decision in *Olson* is misplaced as the host in that case, unlike Sabeel El-Bey, was the homeowner. *Minnesota v. Olson*, 495 U.S. 91, 96-97 (1990); (Compl. ¶¶ 28). In contrast to the homeowner in *Olson*, Mr. Sabeel Bey was a trespasser and therefore, he could not give Plaintiff a lawful permission to be his houseguest. *See El-Bey v. Vill. of S. Holland*, No. 11 C 4949, 20121 U.S. Dist. LEXIS 66374, at *14-15 (N.D. Ill. May 11, 2012). Accordingly, Plaintiff could not have a reasonable expectation of privacy while he was engaging in a criminal act of trespassing.

Moreover, Plaintiff's vehicle was lawfully seized as it was evidence of his trespassing on Mr. Clark's property. As Judge Leinenweber aptly noted in his recent opinion, the removal of Plaintiff's vehicle was proper because his car was there without Mr. Clark's permission. *See id.* at *12. Even Plaintiff acknowledges that the "seizure of an item in plain view is reasonable if there is probable cause to associate the property with criminal activity." *Perlman v. Chicago*, 801 F.2d 262, 267 (7th Cir. 1986). Thus, Plaintiff's Section 1983 claims against Cars and Kulcyzk fail as a matter of law.

Moreover, Plaintiff's failure to allege a violation of his constitutional rights is sufficient basis to dismiss his purported conspiracy claim as well. *See El-Bey v. Vill. of S. Holland*, No. 11 C 4949, 20121 U.S. Dist. LEXIS 66374, at *19 (N.D. Ill. May 11, 2012). In fact, the Complaint is devoid of any allegations suggesting an agreement "between private and public actors to violate plaintiff's

constitutional rights." *See Cunningham v. Southlake Center for Mental Health, Inc.*, 924 F. 2d 106, 107 (7th Cir. 1991). Instead, Plaintiff cites to *Young v. City of Sandusky* but fails to appreciate the stark differences between the two cases. In *Young*, the plaintiff's cars were towed from the plaintiff's own property which is clearly not the case here and Plaintiff admits as much. (Compl. ¶ 28).

Furthermore, Cars has not towed any vehicles for the Village of South Holland from January 1, 2008 through January 5, 2012, another fact that Plaintiff has failed to rebut with anything more than conjecture and speculation. (*See* Ex. 3 to Cars' and Kulcyzk's Motion to Dismiss). Therefore, Cars is not even a proper defendant in this case.

For all the foregoing reasons, Plaintiff fails to state a claim for which relief can be granted and Count I should be dismissed to the extent it is directed against Cars and Kulcyzk.

II.     **Counts IV also Fails to State a Claim for Which Relief can be Granted.**

Count IV is also subject to dismissal as a result of Plaintiff's failure to plead with particularity his fraud claim in violation of Fed. R. Civ. P. 9(b). (*See* Complaint ¶¶ 56-63). Contrary to Plaintiff's assertions, recent case law demonstrates that in order to adequately plead the "circumstances of fraud" plaintiff must specify "the time, place and content of the misrepresentation..." *Windy City Metal Fabricators & Supply, Inc. v. CIT Technology Financing Service, Inc.*, 536 F. 3d 663, 668 (7th Cir. 2008) (quoting *Gen Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078 (7th Cir. 1997). Plaintiff has failed to do so with respect to all Defendants but especially with respect to Cars and Kulcyzk as Plaintiff does not allege that any agent of Cars or Kulcyzk ever made any false statements of fact to Plaintiff. (*See* Complaint ¶¶ 56-63). Accordingly, Count IV should be dismissed due to Plaintiff's failure to comply with the requirements of Fed. R. Civ. P. 9(b).

For all the foregoing reasons, Cars and Kulcyzk respectfully request that this Honorable Court enter an Order dismissing Counts I and IV of Plaintiff's First Amended Complaint with prejudice and granting them such other and further relief as this Court deems just and appropriate under the circumstances.

Dated: August 1, 2012

                                                Respectfully submitted,

                                                /s/ Adisa Krupalija
                                                Adisa Krupalija

Adisa Krupalija
Clingen Callow & McLean, LLC
2100 Manchester Road
Suite 1750
Wheaton, Illinois 60187
T: 630.871.2600
F: 630.871.9869

{00129238.DOC /v. 1 }

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on August 1, 2012, the foregoing document was served, pursuant to L.R. 5.9 and the General Order of Electronic Filing, via the Court's Electronic Case Filing System, to all parties of record.

/s/ *Adisa Krupalija*

Adisa Krupalija
Clingen Callow & McLean, LLC
2100 Manchester Road
Suite 1750
Wheaton, Illinois 60187
T: 630.871.2600
F: 630.871.9869