UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JULIAN T. NETTLES-BEY, | |
| Plaintiff, | No. 11 CV 8022 |
| v. | Judge Gottschall |
| CARS COLLISION CENTER, LLC, et al. | |
| Defendants. | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

NOW COMES the DEFENDANT, Village of South Holland, by and through its attorneys, Peterson, Johnson, and Murray Chicago, LLC and for its Answer and Affirmative Defenses, states as follows:

**NATURE AND STATUTORY BASIS OF ACTION**

1. This is an action for deprivation and violation of Plaintiff Julian T. Nettles-Bey's constitutional rights under the Civil Rights Act, 42 U.S.C. § 1983, et seq.

**ANSWER:** Defendant admits that this matter is brought pursuant to 42 U.S.C. § 1983, but denies the remainder of the allegations in Paragraph 1.

**THE PARTIES**

2. Plaintiff Julian T. Nettles-Bey is a United States citizen, and resides at 309 Bertrand Avenue, Knoxville, Tennessee.

**ANSWER:** Defendant has insufficient knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 2.

3. Defendant Cars Collision Center, LLC, d/b/a/ Cars Towing Division ("Cars"), is an Illinois Limited Liability Company, having a place of business at 16100 Suntone Drive, South Holland, Illinois.

**ANSWER:** Defendant admits the allegations set forth in Paragraph 3.

4. Defendant Tony Kulcyzk ("Kulcyzk"), is or was a manager of Cars, and has an address of 16000 Suntone Drive, South Holland, Illinois.

**ANSWER:** Defendant admits the allegations set forth in Paragraph 4.

5. Defendant Village of South Holland is a municipality located in Cook County, Illinois, and has an address of 16226 Wausau Avenue, South Holland, Illinois.

**ANSWER:** Defendant admits the allegations set forth in Paragraph 5.

6. Defendant P. Williams ("Williams") is or was a police officer for the Village of South Holland, having an address of employment at 16220 Wausau Avenue, South Holland, Illinois.

**ANSWER:** Defendant admits the allegations set forth in Paragraph 6.

7. Defendant B. Burke ("Burke") is or was a police officer for the Village of South Holland, having an address of employment at 16220 Wausau Avenue, South Holland, Illinois.

**ANSWER:** Defendant admits the allegations set forth in Paragraph 7.

8. Defendants Unknown Police Officers are or were police officers for the Village of South Holland, having an address of employment at 16220 Wausau Avenue, South Holland, Illinois.

**ANSWER:** Defendant has insufficient knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 8.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction over the subject matter of this Complaint pursuant to 42 U.S.C. §§ 1983, 1985 and 28 U.S.C. §§ 1331 and 1343(a). The Court has supplemental jurisdiction over Illinois state law claims, pursuant to 28 U.S.C. § 1367(a).

**ANSWER:** Defendant admits that this Court has jurisdiction to hear Plaintiff's claims.

10. The Court has personal jurisdiction over each of the Defendants. Defendants Cars, Kulcyzk, Village of South Holland, Williams, and Burke, are all residents of the State of Illinois, are employed in the State of Illinois, conduct business in the State of Illinois, and committed the acts described herein within the State of Illinois. As a result, the Court has personal jurisdiction over these Defendants pursuant to one or more subsections of 735 ILCS 5/2-209(a)-(c), in that the Defendants have, with respect to the present case, transacted business in the State of Illinois, engaged in the acts described herein within Illinois, and/or have contacts with the State of Illinois, all commensurate with the United States and Illinois Constitutions, so as to submit themselves to the jurisdiction and process of this Court.

**ANSWER:** Defendant admits that this Court has jurisdiction to hear Plaintiff's claims against the Village of South Holland.

11. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b), in that all defendants are citizens of Illinois, and the activities complained of herein all occurred in this judicial district.

**ANSWER:** Defendant admits that venue is proper.

**FACTS**

12.	Mr. Bey is 75 years old. He has had the surname "Bey" his entire life, as did his father, who emigrated to the United States from Tunisia.

**ANSWER:** Defendant has insufficient knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 12.

13.	Mr. Bey is familiar with people who call themselves "Moors," people who associate themselves with the Moorish Science Temple of America, an Islamic sect founded in New Jersey in 1913. However, Mr. Bey himself is not a Moor. Others mistakenly believe he is a Moor because of his surname, as many followers of the Moorish Science Temple of America append to their surname the name "Bey."

**ANSWER:** Defendant has insufficient knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 13.

14.	Now retired, Mr. Bey volunteers his time as a motivational speaker with an organization he founded, the Creation and Conservation of Wealth Institute. In this role, he travels around the United States speaking at seminars on a pro-bono basis, to inspire young people to better market themselves, or to create business ventures.

**ANSWER:** Defendant has insufficient knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 14.

15.	While travelling around the country, Mr. Bey has the opportunity to meet a wide variety of people. Many of these people offer Mr. Bey a place to stay while he is in town, as they understand he does not receive compensation for his seminars.

**ANSWER:** Defendant has insufficient knowledge and information sufficient to form

a belief as to the allegations set forth in Paragraph 15.

16.     One of these men, Sabeel El-Bey, was known to Mr. Bey only as "Sabeel." He understood that Sabeel had recently purchased a home in South Holland, Illinois, and had a tenant who lived in one of the rooms, Ms. Felicia Mohammad. Sabeel asked Mr. Bey to stay at his South Holland home, as he was expecting a delivery of furniture, and was scheduled to go out of town on a business trip. Ms. Mohammad worked at a nearby hair salon during the day, and was unable to remain at home to receive the furniture.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 16.

17.     Mr. Bey accepted Sabeel's offer to stay in Sabeel's South Holland home to await a delivery of furniture. On August 21, 2010 he met Sabeel, who gave him a garage door opener to let himself in and out of the home. Later that day, Mr. Bey drove his minivan to South Holland, and parked it in the driveway of 84 Woodland Drive, in plain sight, directly in front of the home.

**ANSWER:** Defendant denies that Sabeel owned the home in question. Defendant has insufficient knowledge and information sufficient to form a belief as to the remaining allegations set forth in Paragraph 17.

18.     On Sunday, August 22, 2010, the very next morning, Mr. Bey was awakened by a knock on the door at 8:30 a.m. He opened the front door to find defendants Williams and Burke, officers from the South Holland police department, who demanded to know why he was there. Mr. Bey explained that he was asked to stay in the home by the homeowner, and gave the police officers Sabeel's telephone number, so they could call him to clear up their apparent misunderstanding.

**ANSWER:** Defendant admits that South Holland Officers went to the house in

question on August 22, 2010, but denies the remaining allegations set forth in Paragraph 18 as stated.

19. Instead, Williams and Burke handcuffed and arrested Mr. Bey and brought him to the police station. Williams and Burke did not explain why they were arresting Mr. Bey, or allow him to collect his belongings or medication, or to move his vehicle from the driveway. Officers Williams and Burke did not allow Mr. Bey to use the bathroom. A tow truck arrived and towed his minivan away. During the ride to the police station Mr. Bey overheard one of the officers say, "we have another one of them."

**ANSWER:** Defendant admits that Plaintiff was arrested and that his car was towed, but denies the remaining allegations set forth in Paragraph 19.

20. Mr. Bey was arrested for trespassing, even though no one ever told him he was trespassing, and he believed to have permission to stay there from the homeowner. He posted bond, and was released within an hour of arriving at the police station. The police department did not release to him any of his other belongings, including his car, medication, the rest of his clothes, and/or sleeping bag -- beyond the clothes on his back.

**ANSWER:** Defendant admits that Plaintiff was arrested for trespassing and that his car was impounded, but denies the remaining allegations set forth in Paragraph 20 as stated.

21. Mr. Bey had to go to a hospital emergency room because he lacked access to his medication, and had to pay the subsequent hospital bill.

**ANSWER:** Defendant has insufficient knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 21.

22. Mr. Bey also had to purchase clothing, while his belongings were unlawfully seized by Defendants.

**ANSWER:** Defendant has insufficient knowledge and information sufficient to form a belief as to allegations set forth in Paragraph 22.

23. Mr. Bey tried to retrieve his car from Defendant Cars tow lot, who refused to release his car and belongings, without authorization from the South Holland police department.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 23.

24. Mr. Bey subsequently went to the South Holland police department on five different occasions to retrieve his car, speaking each time to Defendants Unknown Officers at the station. Even though he had his registration in his car and carries a valid Tennessee State drivers license, the South Holland police department demanded additional evidence that Mr. Bey owned his car before they would release it. On each trip to the station, the South Holland police requested new evidence that was not previously requested or identified by the South Holland police department on Mr. Bey's previous trips. Such evidence had to be retrieved from Tennessee, at considerable time and expense.

**ANSWER:** Defendant admits that Plaintiff had to go to the police station on more than one occasion in order to provide the required documentation to retrieve his car, but denies the remaining allegations set forth in Paragraph 24.

25. On one trip to the South Holland police department, a lieutenant believed to be Dave Pedric admitted to Mr. Bey that his car should never have been towed, nor should he have been arrested, in the first place.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 25.

26. While his car was detained by Cars, Mr. Bey had to rent a car, incurring yet additional expense.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 26.

27. By on or about September 20, 2010, Mr. Bey had to seek relief from a Cook County judge in Markham, Illinois, to finally order his car to be released. Mr. Bey had to pay $1,475.00 in cash to retrieve his car; $515.00 went to the South Holland police department, and $960.00 was paid to Cars.

**ANSWER:** Defendant admits that Plaintiff filed a state court action to retrieve his car but denies the remaining allegations set forth in Paragraph 27.

28. Mr. Bey now understands that "Sabeel" did not own the house at 84 Woodland Drive, whose true owner at the time was one Adolph Clark. (Ex. A, May 11, 2012 Memorandum Opinion and Order, *Sabeel C. El-Bey v. Village of South Holland, et al.*, Civ. No. 11-cv-4949, D.I. 153 (Leinenweber, J.).) A deed in the name of the Moorish Science Temple Trust had been filed with the Cook County Recorder of Deeds in July, 2010, that claimed ownership of the property. Mr. Bey had no knowledge of either this transaction, or of the apparent conflicting claims of ownership. Moreover, Plaintiff Julian T. Nettles-Bey was never warned that he was trespassing on the property.

**ANSWER:** Defendant admits that Sabeel did not own the house in question and that Adolph Clark was the true owner, but denies the remaining allegations set forth in Paragraph 28.

29. In addition to having no notice of any kind from either the police, Mr. Clark, or any other party that he was trespassing in Mr. Clark's home, Mr. Bey was never given any opportunity to remove his belongings from the home, or to remove his car from its driveway.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 29.

30. On February 1, 2011, a criminal trial was held before Judge Turner of the Cook County Circuit Court, Sixth Municipal Division on the trespassing charge. Following the bench trial, the judge found Mr. Bey not guilty of trespassing, because there was absolutely no evidence that Mr. Bey had ever been given notice of any kind that he was trespassing on the property.

**ANSWER:** Defendant admits that Plaintiff was found not guilty of trespass but denies the remaining allegations set forth in Paragraph 30.

31. Further, at the time of the arrest, no attempt had been undertaken by any of the Defendants to follow up on Mr. Bey's explanation of why he was in the house in the first place, which investigation would have readily revealed a recorded deed in the name of the Moorish Science Temple Trust, of which Sabeel El-Bey claims to be the Trustee.

**ANSWER:** Defendant denies the remaining allegations set forth in Paragraph 31.

### COUNT I – ILLEGAL SEARCH AND SEIZURE
### 42 U.S.C. § 1983

**Defendant Village of South Holland provides no answers to Count I, as this Court previously dismissed these claims based upon the application of qualified immunity. To the extent an answer is required, the Village of South Holland denies each paragraph of Count I.**

32. Mr. Bey re-alleges paragraphs 1 through 31.

33. Mr. Bey had a legitimate expectation of privacy when he stayed as a guest of Sabeel El-Bey and Sabeel El-Bey's tenant, Felicia Mohammad, at 84 Woodland Drive, South Holland, Illinois.

34. On information and belief, Defendants Williams and Burke spoke with Mr. Adolph Clark on August 22, 2010, who claimed to be the homeowner of the same property, and

who complained of trespassers.

35. When Defendants Williams and Burke came to the home, Mr. Bey told the officers that he had permission to stay at the home from Sabeel, who he believed was the homeowner, and gave them Sabeel's phone number, so they could clear up this apparent confusion.

36. Defendants Williams and Burke assumed, contrary to fact, that Mr. Bey, like Sabeel El-Bey and Felicia Mohammad, was a Muslim, and in particular that he was a member of the Moorish Science Temple, by virtue of his last name and his dark skin.

37. Defendants Williams and Burke decided to arrest Mr. Bey, rather than asking him to vacate the property, because of his apparent Muslim faith, and believed association with the Moorish Science Temple.

38. On information and belief, Defendants did not check publicly available records, which would have revealed an unclear title to the home.

39. Defendants Williams and Burke arrested Mr. Bey without a warrant.

40. Defendants Williams and Burke arrested Mr. Bey without probable cause.

41. Defendants Williams and Burke arrested Mr. Bey without giving him an opportunity to first remove his belongings or vehicle from the property.

42. Defendants Williams and Burke contacted Defendants Cars and Kulcyzk to tow and hold Mr. Bey's vehicle in Cars' lot. Neither Cars nor Kulcyzk had Mr. Bey's permission to move or hold his car.

43. Defendants Cars and Kulcyzk knew, or should have known, that Defendants Williams and Burke lacked a warrant and probable cause to arrest Mr. Bey and order his vehicle towed.

44. Defendants' unlawful and unconstitutional acts, as alleged herein, were committed in violation of, and in complete disregard for, Mr. Bey's constitutionally protected rights and liberties, to be free of unlawful, warrantless and unjustified searches and abridgements of his rights, to be secure in his property and person from baseless intrusions by those acting under the color of state law, in violation of Mr. Bey's Fourth Amendment, as applied to the States by and through the Fourteenth Amendment of the United States Constitution. Defendants Williams, Burke, Cars and Kulcyzk knew of the legal and constitutional prohibitions of their actions, but nevertheless, in knowing and deliberate violation of the law, deliberately, maliciously and intentionally proceeded with, authorized, directed and/or completed the unlawful and unconstitutional search and seizures complained of herein. Defendants' acts amount to deliberate indifference to Mr. Bey's rights, in violation of the Fourth Amendment to the United States Constitution.

45. Defendants' conduct foreseeably, proximately and actually caused Mr. Bey to suffer damage, loss of savings and property, and damage to his health, in addition to mental and emotional distress, humiliation and embarrassment.

## COUNT II - FALSE ARREST

**Defendant Village of South Holland provides no answers to Count II, as this Court previously dismissed these claims based upon the application of qualified immunity. To the extent an answer is required, the Village of South Holland denies each paragraph of Count II.**

46. Mr. Bey re-alleges paragraphs 1 through 45.

47. Defendants Williams and Burke arrested Mr. Bey for trespassing, against his will.

48. Defendants Williams and Burke did not have reasonable grounds or probable cause to believe that Mr. Bey was trespassing.

### COUNT III - MONELL CLAIM AGAINST VILLAGE OF SOUTH HOLLAND
### 42 U.S.C. § 1983

49. Mr. Bey re-alleges paragraphs 1 through 48.

**ANSWER:** Defendant restates it answers for Paragraphs 1 through 48 as set forth fully herein.

50. Defendant Village of South Holland trains its police force to identify men bearing the name of Bey, among others, as members of the Moorish Science Temple, and presumes such people are committing real estate fraud.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 50.

51. Upon information and belief, Defendant Village of South Holland has singled out other people whose last name is Bey, or are believed to be Muslims or members of the Moorish Science Temple, similar unlawful deprivation of their constitutional rights.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 51.

52. Defendant Village of South Holland facilitated the conduct complained of in this complaint, through their pre-hiring review, training, investigatory or disciplinary actions of officers who interact with actual or apparent Muslims, and those believed to be associated with the Moorish Science Temple.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 52.

53. Upon information and belief, Defendant Village of South Holland has singled out other people whose last name is Bey, or are believed to be members of the Moorish Science Temple, for similar unlawful deprivation of their constitutional rights.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 53.

54. And likewise Defendant Village of South Holland has singled out actual or

apparent Muslims as presumptive criminals, who may be unlawfully deprived of their constitutional rights.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 55.

55. In so doing, Defendant Village of South Holland acted with deliberate indifference to Mr. Bey's constitutional rights.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 55.

WHEREFORE Defendant, the Village of South Holland prays for judgment in its favor and against Plaintiff and for the award of costs and attorneys' fees for these claims so wrongfully brought.

## COUNT IV - ILLINOIS COMMON LAW
## FRAUD

**Defendant Village of South Holland provides no answers to Count IV, as this Court previously dismissed these claims and granted Plaintiff leave to amend, which he did not do. To the extent an answer is required, the Village of South Holland denies each paragraph of Count IV.**

56. Mr. Bey re-alleges paragraphs 1 through 55.

57. Defendants Village of South Holland, Cars, and Mr. Kulcyzk profit from towing and holding others' vehicles in South Holland, Illinois, for as long a period of time as possible.

58. While Mr. Bey was processed after his arrest in one hour, he was not able to recover his car for a month -- and then only by Order of the Court.

59. Defendants Unknown Police Officers, on repeated occasions, gave false statements of fact to Mr. Bey, namely that he could retrieve his car with specific documents that took him a great deal of time and effort to obtain from out-of-state, and that ultimately, repeatedly were insufficient for him to actually recover his car.

60. At the time Defendants Unknown Police Officers gave such statements, they

knew them to be insufficient for Mr. Bey to recover his vehicle, to generate ever growing additional storage fees for Defendants.

61. Defendants Unknown Officers, Village of South Holland, Cars, and Mr. Kulcyzk, intended for Mr. Bey to make it as difficult as possible for Mr. Bey to recover his car, so they could recover additional storage fees.

62. Mr. Bey relied upon the truth of Defendants' statements, spending time, money, and effort to recover evidence of his ownership of the vehicle, among other documents, in order for him to recover his minivan.

63. Mr. Bey suffered damages as a result of his detrimental reliance of Defendants' statements, including $1,475.00 in fees, and additional money spent on a rental car, clothing, and medical care, and by having to pursue a Court Order in order to recover his car -- nearly 30 days after his arrest.

## JURY DEMAND

Defendant, the Village of South Holland demands a jury trial on all issues so triable.

## AFFIRMATIVE DEFENSE

1. There was probable cause to arrest Plaintiff based upon the complaints of Adolph Clark for trespass, as such there was no underlying constitutional violation for the purposes of a *Monell* claim.

2. To the extent Plaintiff is seeking punitive damages, this claim for relief should be stricken as punitive damages are not allowed against a governmental entity.

                                              Respectfully submitted,

                                              Village of South Holland

                                              By:    s/Dominick L. Lanzito

Paul O'Grady
Dominick L. Lanzito
Peterson, Johnson & Murray - Chicago LLC
233 S. Wacker Drive – Floor 84
Chicago, Illinois 60606
(312) 782-7150
dlanzito@pjmlaw.com