UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JULIAN T. NETTLES-BEY,<br><br>    Plaintiff,<br><br>    v.<br><br>VILLAGE OF SOUTH HOLLAND, PHILIP WILLIAMS and BRODERICK BURKE,<br><br>    Defendants. | Case No. 11 CV 8022<br><br>Honorable Judge Joan B. Gottschall |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

NOW COMES the DEFENDANTS, Village of South Holland, Officer Philip Williams and Officer Broderick Burke, by and through their attorneys, Peterson, Johnson, and Murray Chicago, LLC and for its Answer and Affirmative Defenses, states as follows:

### NATURE AND STATUTORY BASIS OF ACTION

1. This is an action for deprivation and violation of Plaintiff Julian T. Nettles-Bey's constitutional rights under the Civil Rights Act, 42 U.S.C. § 1983, et seq.

**ANSWER:** Defendants admit that this matter is brought pursuant to 42 U.S.C. § 1983, but deny the remainder of the allegations in Paragraph 1.

### THE PARTIES

2. Plaintiff Julian T. Nettles-Bey is a United States citizen, and resides at 309 Bertrand Avenue, Knoxville, Tennessee.

**ANSWER:** Defendants have insufficient knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 2.

3. Defendant Village of South Holland is a municipality located in Cook County, Illinois, and has an address of 16226 Wausau Avenue, South Holland, Illinois.

**ANSWER:** Defendants admit the allegations contained in Paragraph 3.

4. Defendant P. Williams ("Williams"), as of August 22, 2010, was a police officer for the Village of South Holland, having an address of employment at 16220 Wausau Avenue, South Holland, Illinois.

**ANSWER:** Defendants admit the allegations contained in Paragraph 4.

5. Defendant B. Burke ("Burke") is or was a police officer for the Village of South Holland, having an address of employment at 16220 Wausau Avenue, South Holland, Illinois.

**ANSWER:** Defendants admit the allegations set forth in Paragraph 5.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction over the subject matter of this Complaint pursuant to 42 U.S.C. §§ 1983, 1985 and 28 U.S.C. §§ 1331 and 1343(a). The Court has supplemental jurisdiction over Illinois state law claims, pursuant to 28 U.S.C. § 1367(a).

**ANSWER:** Defendant admits that this Court has jurisdiction to hear Plaintiff's claims.

7. The Court has personal jurisdiction over each of the Defendants. Defendants Village of South Holland, Williams, and Burke, are all residents of the State of Illinois, are employed in the State of Illinois, conduct business in the State of Illinois, and committed the acts described herein within the State of Illinois. As a result, the Court has personal jurisdiction over these Defendants pursuant to one or more subsections of 735 ILCS 5/2-209(a)-(c), in that the Defendants have, with respect to the present case, transacted business in the State of Illinois, engaged in the acts described herein within Illinois, and/or have contacts with the State of Illinois, all

commensurate with the United States and Illinois Constitutions, so as to submit themselves to the jurisdiction and process of this Court.

**ANSWER:** Defendants only admit that this Court has jurisdiction to hear Plaintiff's claims.

8. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b), in that all defendants are citizens of Illinois, and the activities complained of herein all occurred in this judicial district.

**ANSWER:** Defendants admit that venue is proper.

## FACTS

9. Mr. Bey is 75 years old. He has had the surname "Bey" his entire life, as did his father, who emigrated to the United States from Tunisia.

**ANSWER:** Defendants have insufficient knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 9.

10. Mr. Bey is familiar with people who call themselves "Moors," people who associate themselves with the Moorish Science Temple of America, an Islamic sect founded in New Jersey in 1913. However, Mr. Bey himself is not a Moor. Others mistakenly believe he is a Moor because of his surname, as many followers of the Moorish Science Temple of America append to their surname the name "Bey."

**ANSWER:** Defendants have insufficient knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 10.

11. Now retired, Mr. Bey volunteers his time as a motivational speaker with an organization he founded, the Creation and Conservation of Wealth Institute. In this role, he travels around the United States speaking at seminars on a pro-bono basis, to inspire young

people to better market themselves, or to create business ventures.

    **ANSWER:** Defendants have insufficient knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 11.

12.     While travelling around the country, Mr. Bey has the opportunity to meet a wide variety of people. Many of these people offer Mr. Bey a place to stay while he is in town, as they understand he does not receive compensation for his seminars.

    **ANSWER:** Defendants have insufficient knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 12.

13.     One of these men, Sabeel El-Bey, was known to Mr. Bey only as "Sabeel." He understood that Sabeel had recently purchased a home in South Holland, Illinois, and had a tenant who lived in one of the rooms, Ms. Felicia Mohammad. Sabeel asked Mr. Bey to stay at his South Holland home, as he was expecting a delivery of furniture, and was scheduled to go out of town on a business trip. Ms. Mohammad worked at a nearby hair salon during the day, and was unable to remain at home to receive the furniture.

    **ANSWER:** Defendants deny the allegations set forth in Paragraph 13.

14.     Mr. Bey accepted Sabeel's offer to stay in Sabeel's South Holland home to await a delivery of furniture. On August 21, 2010 he met Sabeel, who gave him a garage door opener to let himself in and out of the home. Later that day, Mr. Bey drove his minivan to South Holland, and parked it in the driveway of 84 Woodland Drive, in plain sight, directly in front of the home.

    **ANSWER:** Defendants deny that Sabeel owned the home in question. Defendants have insufficient knowledge and information sufficient to form a belief as to the remaining allegations set forth in Paragraph 14.

15. On Sunday, August 22, 2010, the very next morning, Mr. Bey was awakened by a knock on the door at 8:30 a.m. He opened the front door to find defendants Williams and Burke, officers from the South Holland police department, who demanded to know why he was there. Mr. Bey explained that he was asked to stay in the home by the homeowner, and gave the police officers Sabeel's telephone number, so they could call him to clear up their apparent misunderstanding.

**ANSWER:** Defendants admit that South Holland Officers went to the house in question on August 22, 2010, but deny the remaining allegations set forth in Paragraph 15 as stated.

16. Instead, Williams and Burke handcuffed and arrested Mr. Bey and brought him to the police station. Williams and Burke did not explain why they were arresting Mr. Bey, or allow him to collect his belongings or medication, or to move his vehicle from the driveway. Officers Williams and Burke did not allow Mr. Bey to use the bathroom. A tow truck arrived and towed his minivan away. During the ride to the police station Mr. Bey overheard one of the officers say, "we have another one of them."

**ANSWER:** Defendants admit that Plaintiff was arrested and that his car was towed, but deny the remaining allegations set forth in Paragraph 16.

17. Mr. Bey was arrested for trespassing, even though no one ever told him he was trespassing, and he believed to have permission to stay there from the homeowner. He posted bond, and was released within an hour of arriving at the police station. The police department did not release to him any of his other belongings, including his car, medication, the rest of his clothes, and/or sleeping bag -- beyond the clothes on his back.

**ANSWER:** Defendants admit that Plaintiff was arrested for trespassing and that his car was impounded, but denies the remaining allegations set forth in Paragraph 17 as stated.

18. Mr. Bey had to go to a hospital emergency room because he lacked access to his medication, and had to pay the subsequent hospital bill.

**ANSWER:** Defendants deny allegations set forth in Paragraph 18.

19. Mr. Bey also had to purchase clothing, while his belongings were unlawfully seized by Defendants.

**ANSWER:** Defendants have insufficient knowledge and information sufficient to form a belief as to allegations set forth in Paragraph 19.

20. Mr. Bey tried to retrieve his car from Defendant Cars tow lot, who refused to release his car and belongings, without authorization from the South Holland police department.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 20, as stated.

21. Mr. Bey subsequently went to the South Holland police department on five different occasions to retrieve his car, speaking each time to Defendants Unknown Officers at the station. Even though he had his registration in his car and carries a valid Tennessee State drivers license, the South Holland police department demanded additional evidence that Mr. Bey owned his car before they would release it. On each trip to the station, the South Holland police requested new evidence that was not previously requested or identified by the South Holland police department on Mr. Bey's previous trips. Such evidence had to be retrieved from Tennessee, at considerable time and expense.

**ANSWER:** Defendants admit that Plaintiff had to go to the police station on more than one occasion in order to provide the required documentation to retrieve his car, but deny the remaining allegations set forth in Paragraph 21.

22. On one trip to the South Holland police department, a lieutenant believed to

be Dave Pedric admitted to Mr. Bey that his car should never have been towed, nor should he have been arrested, in the first place.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 22.

23. While his car was detained by Cars, Mr. Bey had to rent a car, incurring yet additional expense.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 23.

24. By on or about September 20, 2010, Mr. Bey had to seek relief from a Cook County judge in Markham, Illinois, to finally order his car to be released. Mr. Bey had to pay $1,475.00 in cash to retrieve his car; $515.00 went to the South Holland police department, and $960.00 was paid to Cars.

**ANSWER:** Defendants admit that Plaintiff filed a state court action to retrieve his car but deny the remaining allegations set forth in Paragraph 24.

25. Mr. Bey now understands that "Sabeel" did not own the house at 84 Woodland Drive, whose true owner at the time was one Adolph Clark. (Ex. A, May 11, 2012 Memorandum Opinion and Order, *Sabeel C. El-Bey v. Village of South Holland, et al.*, Civ. No. 11-cv-4949, D.I. 153 (Leinenweber, J.).) A deed in the name of the Moorish Science Temple Trust had been filed with the Cook County Recorder of Deeds in July, 2010, that claimed ownership of the property. Mr. Bey had no knowledge of either this transaction, or of the apparent conflicting claims of ownership. Moreover, Plaintiff Julian T. Nettles-Bey was never warned that he was trespassing on the property.

**ANSWER:** Defendants admit that Sabeel did not own the house in question and that Adolph Clark was the true owner, but deny the remaining allegations set forth in Paragraph 25.

26. In addition to having no notice of any kind from either the police, Mr. Clark,

or any other party that he was trespassing in Mr. Clark's home, Mr. Bey was never given any opportunity to remove his belongings from the home, or to remove his car from its driveway.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 26.

27. On February 1, 2011, a criminal trial was held before Judge Turner of the Cook County Circuit Court, Sixth Municipal Division on the trespassing charge. Following the bench trial, the judge found Mr. Bey not guilty of trespassing, because there was absolutely no evidence that Mr. Bey had ever been given notice of any kind that he was trespassing on the property.

**ANSWER:** Defendants admit that Plaintiff was found not guilty of trespass, but deny the remaining allegations set forth in Paragraph 27.

28. Further, at the time of the arrest, no attempt had been undertaken by any of the Defendants to follow up on Mr. Bey's explanation of why he was in the house in the first place, which investigation would have readily revealed a recorded deed in the name of the Moorish Science Temple Trust, of which Sabeel El-Bey claims to be the Trustee.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 28.

## COUNT I – EQUAL PROTECTION CLAIM AGAINST
## DEFENDANTS WILLIAMS AND BURKE
## 42 U.S.C. § 1983

29. Mr. Bey re-alleges paragraphs 1 through 28.

**ANSWER:** Defendants restate their answers to Paragraphs 1 through 28 as set forth fully herein.

30. On information and belief, Defendants Williams and Burke spoke with Mr. Adolph Clark on August 22, 2010, who claimed to be the homeowner of the same property, and who complained of trespassers.

**ANSWER:** Defendants admit that they spoke with the owner of the home, Adolph Clark

who complained of trespassers.

31. When Defendants Williams and Burke came to the home, Mr. Bey told the officers that he had permission to stay at the home from Sabeel, who he believed was the homeowner, and gave them Sabeel's phone number, so they could clear up this apparent confusion.

**ANSWER:** Defendants admit that Plaintiff provided this account of the events, but deny that he was not trespassing.

32. On information and belief, Defendants did not check publicly available records, which would have revealed an unclear title to the home.

**ANSWER:** Defendants deny the allegations in Paragraph 32.

33. Defendants Williams and Burke assumed, contrary to fact, that Mr. Bey, like Sabeel El-Bey and Felicia Mohammed, was a Muslim and/or that he was a member of the Moorish Science Temple, by virtue of his last name and/or dark skin.

**ANSWER:** Defendants deny the allegations in Paragraph 33.

34. Defendants Williams and Burke decided to arrest Mr. Bey, rather than asking him to vacate the property, because of his apparent Muslim faith, and/or his believed association with the Moorish Science Temple.

**ANSWER:** Defendants admit that Plaintiff was arrested, but deny the remaining allegations in Paragraph 34.

35. Acting under the color of state law, and in violation of Mr. Bey's Fourteenth Amendment right to equal protection under the law, Defendants Williams and Burke treated Mr. Bey differently than other similarly-situated individuals on the basis of Mr. Bey's perceived affiliation with the Moorish Science Temple and/or the Muslim faith.

**ANSWER:** Defendants deny the allegations in Paragraph 35.

36. At the time Defendants Williams and Burke arrested Mr. Bey, they each knew that it would be illegal and unconstitutional for either of them to selectively enforce the law on criminal trespass by arresting individuals with the last name of Bey, or based on an individuals perceived affiliation with the Moorish Science Temple and/or the Muslim faith.

**ANSWER:** Defendants deny the allegations in Paragraph 36.

37. Defendants Williams and Burke's actions amounted to deliberate indifference to Mr. Bey's rights, in violation of the Fourteenth Amendment to the United States Constitution.

**ANSWER:** Defendants deny the allegations in Paragraph 37.

38. Defendants William and Burke's conduct foreseeably, proximately and actually caused Mr. Bey to suffer damage, loss of savings and property, and damage to his health, in addition to mental and emotional distress, humiliation and embarrassment.

**ANSWER:** Defendants deny the allegations in Paragraph 38.

### COUNT II – EQUAL PROTECTION MONELL CLAIM AGAINST DEFENDANT VILLAGE OF SOUTH HOLLAND
### 42 U.S.C. § 1983

39. Mr. Bey re-alleges paragraphs 1 through 38.

**ANSWER:** Defendants restate their answers to Paragraphs 1 through 38 as set forth fully herein.

40. Defendant Village of South Holland trains its police force to identify men bearing the name of Bey, among others, to be Muslims and/or members of the Moorish Science Temple, and presumes such people are committing real estate fraud.

**ANSWER:** Defendants deny the allegations in Paragraph 40.

41. Upon information and belief, Defendant Village of South Holland has singled out other individuals whose last name is Bey, or individuals who are believed to be Muslims

and/or members of the Moorish Science Temple, and has trained its police force to arrest such people and charge them with trespassing, in contrast to other individuals not having those traits.

**ANSWER:** Defendants deny the allegations in Paragraph 41.

42. Defendant Village of South Holland selectively enforces its trespassing laws against people whose last name is Bey, or people who are believed to be Muslims and/or members of the Moorish Science Temple.

**ANSWER:** Defendants deny the allegations in Paragraph 42.

43. Defendant Village of South Holland facilitated the conduct complained of in this complaint, through their pre-hiring review, training, omissions, the disciplinary actions, or lack thereof, of its officers who interact with actual or apparent Muslims and/or those believed to be associated with the Moorish Science Temple.

**ANSWER:** Defendants deny the allegations in Paragraph 43.

44. In so doing, Defendant Village of South Holland has singled out actual or apparent Muslims and/or members of the Moorish Science Temple as presumptive criminals, who may be unlawfully deprived of their constitutional rights

**ANSWER:** Defendants deny the allegations in Paragraph 44.

## JURY DEMAND

Defendants demand a jury trial on all issues so triable.

## AFFIRMATIVE DEFENSE

1. There was probable cause to arrest Plaintiff based upon the complaints of Adolph Clark for trespass, as such there was no underlying constitutional violation for the purposes of a *Monell* claim.

2. The individual defendants were exercising discretion during the course of the arrest of Plaintiff pursuant to the criminal complaint signed by a private complaining witness, and as such are entitled to qualified immunity for the claims brought against them.

3. To the extent Plaintiff is seeking punitive damages, this claim for relief should be stricken as punitive damages are not allowed against a governmental entity.

        Respectfully submitted,

        Village of South Holland, Officer Williams and Officer Burke

        By:    s/Dominick L. Lanzito

Paul O'Grady
Dominick L. Lanzito
Peterson, Johnson & Murray - Chicago LLC
200 West Adams - Suite 2125
Chicago, Illinois 60606
(312) 782-7150
dlanzito@pjmlaw.com